## THE J. S. T. STRANAHAN.

### THE McCALDIN BROS. CO.

(Circuit Court of Appeals, Second Circuit. November 16, 1908.)

### No. 62.

TOWAGE (§ 11*)—INJURY TO TOW—COLLISION WITH PIER.

> Two tugs, which undertook to tow a steamer from the Erie Basin without her having steam up and without assistance, although they lacked sufficient power to handle her safely under the conditions of wind and tide existing, especially outside the basin, *held* liable for injury by striking against the piers at the entrance.
>
> [Ed. Note.—For other cases, see Towage, Cent. Dig. §§ 11–23; Dec. Dig. § 11.*]

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 151 Fed. 364.

On appeal from a decree entered on the 8th day of November, 1907, awarding damages to the libelant for injuries sustained to its steamship Maria by striking the pier at the entrance of the Erie Basin while in tow of the steam tugs belonging to the claimant.

R. J. M. Bullowa, for appellant.

Wing, Putnam & Burlingham (James Forrester, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. But a word need be added to the opinion of the District Judge. The Maria was solely in charge of the tugs. She had no motive power of her own. It was for the tugs to determine whether they could tow her safely to her destination, and they should have ascertained positively whether she had steam up before they undertook the maneuver. Whether they knew this fact when they first made fast is debateable; but they certainly knew that she had no steam before they got into a position of danger, and we are convinced that they could have brought her to a position of safety and held her

there until she got steam up, or until the services of another tug were obtained. One of the witnesses testifies that, if the tugs had not proceeded to tow the Maria through the entrance to the Erie Basin, she would have drifted back into the dry dock from which she was taken. Indeed, this is apparent, as the wind was from the southwest. With full knowledge of all the conditions, the tugs should not have undertaken the service unless they were able to complete it with safety. The fault of the tugs is clearly established, and we fail to find any negligence on the part of the steamer.

The decree is affirmed, with interest and costs.